**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TIM LANDRY,

    Defendant-Appellant.

No. 99-5236
(N. District of Oklahoma)
(D.C. No. 98-CV-556-B)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on Tim Landry's request for a certificate of appealability ("COA"). Landry seeks a COA so that he can appeal the district

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's denial of his 28 U.S.C. § 2255 petition. *See* 28 U.S.C. § 2253(c)

(providing that a COA is a necessary predicate to an appeal from the denial of a

§ 2255 petition). Landry is entitled to a COA only upon making "a substantial

showing of the denial of a constitutional right." *See id.* § 2253(c)(2). He can

make such a showing by demonstrating that the district court's resolution of the

issues he seeks to raise on appeal are reasonably debatable, subject to a different

resolution on appeal, or otherwise deserving of further proceedings. *See Barefoot*

*v. Estelle*, 463 U.S. 880, 893 (1983). In his § 2255 petition, Landry broadly

asserted that his guilty plea was not knowing and voluntary and that both his trial

and appellate counsel were ineffective. In an exceedingly thorough Order, the

district court cited to controlling Supreme Court and Tenth Circuit authority and

rejected each of Landry's claims on the merits. This court has conducted an

equally thorough *de novo* review of Landry's request for a COA and

accompanying brief, the district court's Order, and the entire record on appeal.

After such review, this court has nothing to add to the district court's clear,

comprehensive, and correct resolution of Landry's claims. Accordingly, this

court **DENIES** Landry's request for a COA for substantially those reasons set

-2-

forth in the district court's Order dated November 15, 1999, and **DISMISSES** this appeal. Landry's motion for bail pending resolution of this appeal is **DENIED** as moot.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge